UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ELIZABETH GERARD, | Case No. 1:22-cv-00262-DCN |
| Plaintiff, | **INITIAL REVIEW ORDER** |
| v. | |
| JASON D. SCOTT, | |
| Defendant. | |

## I. INTRODUCTION

Pending before the Court is Plaintiff Elizabeth Gerard's Complaint (Dkt. 2) and Application for Leave to Proceed in Forma Pauperis (Dkt. 1). Pursuant to 28 U.S.C. § 1915, the Court must review Gerard's request to determine whether she is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Gerard's Complaint to ensure it meets the minimum required standards.

For the reasons explained below, the Court must DISMISS the Complaint WITH PREJUDICE.

## II. FACTUAL ALLEGATIONS

Gerard alleges that Idaho District Judge Jason D. Scott has obstructed Gerard's right to a fair and unbiased trial by failing to recuse himself from Gerard's state civil case. Dkt. 2 at 4. Gerard gives no additional facts explaining how Judge Scott's failure to recuse

INITIAL REVIEW ORDER – 1

himself has obstructed her right to a fair and unbiased trial. *See* Dkt. 2.

### III. LEGAL STANDARD

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). To qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets she possesses and indicates that she is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of her poverty, cannot "pay or give security for the costs" and still be able to provide for herself and dependents the "necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (cleaned up).

The Court is required to screen complaints brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a Plaintiff's Complaint, or any portion thereof, if it (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i–iii). To state a claim upon which relief can be granted, a plaintiff's Complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of

articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

## IV. DISCUSSION

Gerard sues Judge Scott—a state court judge—for monetary damages. However, under the doctrine of absolute judicial immunity, a judge is not liable for monetary damages caused by acts performed in the exercise of his judicial functions. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). To determine whether an act is judicial in nature so that immunity would apply, a court looks to "the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Id.* at 362.

Once it is determined that a judge was acting in his judicial capacity, absolute immunity applies, "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193, 199–200 (1985) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1871).[1] For example, judicial immunity is not lost "by allegations that a judge conspired with one party to rule against another party: 'a conspiracy between judge and [a party] to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges.'" *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996)

---

[1] In no way is this Court suggesting that Judge Scott acted erroneously in the state court case. This Court has not reviewed the underlying state case, and it would be inappropriate for this Court to do so.

(quoting *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986)).

When a party in an Idaho civil case is concerned about a judge's ability to remain unbiased, the party may file a motion for disqualification of the judge. Idaho R. Civ. P. 40. If the judge grants the motion for disqualification, a new judge will be appointed to the case. *Id.* A party may appeal to a higher court if he or she finds fault with a judicial decision regarding a motion for disqualification. *See Mendez v. Univ. Health Servs. Boise State Univ.*, 163 Idaho 237 (2018).

Here, Gerard complains about an action taken in a judicial capacity by a judge and, therefore, can have no monetary relief from Judge Scott. According to Idaho's Rules of Civil Procedure, it is the judge's responsibility to determine his or her ability to remain unbiased. Idaho R. Civ. P. 40. So, Judge Scott's decision to not disqualify himself was a judicial act, because disqualification is an act normally performed by a judge in his or her official capacity. Additionally, any interaction Gerard could have had with Judge Scott when asking him to disqualify himself would have been an interaction with Judge Scott in his official capacity as the judge in Gerard's civil case. This satisfies both requirements found in *Stump* to determine if an action was done in a judicial capacity. Judge Scott was acting in an official judicial capacity and Gerard should have expected Judge Scott to act in a judicial capacity. Thus, absolute immunity applies.

Additionally, if Plaintiff is concerned about Judge Scott's decision not to recuse himself, the proper response is to appeal his decision at the appropriate time and in the appropriate court. *See* Idaho App. R. 11. This Court is not the proper court for an appeal

because this Court is not an appellate court, nor is this Court an Idaho state court. Thus, this Court has no jurisdiction over the matter.

## IV. CONCLUSION

Because Judge Scott has absolute immunity with respect to Gerard's claim, amendment would be futile. Therefore, this Court must DISMISS this case WITH PREJUDICE.[2]

## V. ORDER

1. Plaintiff Gerard's Complaint (Dkt. 2) is DISMISSED WITH PREJUDICE.

2. The Court will enter a separate judgment in accordance with Federal Rule of Civil Procedure 58.

DATED: July 22, 2022

David C. Nye
Chief U.S. District Court Judge

---

[2] Because the Court is dismissing the case with prejudice, the issue of the filing fee is moot. Therefore, it is unnecessary to determine whether Gerard qualifies for in forma pauperis status.

INITIAL REVIEW ORDER – 5